Submitted on record and briefs May 21, reversed in part, otherwise affirmed in
CA A96253; remanded in part with instructions, otherwise affirmed in
CA A96267 December 9, 1998

In the Matter of the Marriage of

Betty May RITZINGER,
*Appellant,*
*and*

Eugene Austin RITZINGER,
*Respondent.*

(95-1678-D-3, 92-1554-D-3; CA A96253 (Control), A96267)
(Cases Consolidated)

970 P2d 680

Douglas J. Richmond and Kellington, Krack, Richmond, Blackhurst & Sutton, LLP, filed the brief for appellant.

Craig S. Galpern filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Linder, Judge.

---

* Deits, C. J., *vice* Riggs, J., resigned.

LANDAU, P. J.

## LANDAU, P. J.

Husband and wife were married in 1956. They separated in 1992. Wife obtained a default judgment of unlimited separation. That judgment provided, among other things, that husband would pay wife monthly spousal support of $450, that the parties would own the family home as tenants by the entirety, and that husband could live in the home rent-free. Husband paid the support.

In December 1992, the parties reconciled and began living together again. Husband ceased making the spousal support payments required by the separation judgment. Wife never mentioned the support payments. She took no steps to enforce the judgment, and husband took no steps to modify it.

The parties again separated in 1995. This time, wife filed for dissolution. At trial, the parties acknowledged that the 1992 separation judgment remained in force during the time that they had lived together and agreed that, as a result, wife held a vested judgment against husband for 30 months of support, totaling $13,500. Husband nevertheless argued that the judgment should not be held against him in the distribution of the parties' assets, because of the obvious unfairness of requiring him to pay support for a period during which the parties had reconciled and lived together.

The trial court agreed with husband as to the unfairness of enforcing the support judgment during the time the parties lived together and shared expenses. To address that unfairness, the court treated the judgment as a marital asset and awarded it to husband. The court ordered that the family home be sold, canceling husband's right under the separation judgment to live in the home rent-free indefinitely, and also ordered that the proceeds be applied to the parties' debts, and the balance be divided evenly. Following entry of the dissolution judgment, husband moved to terminate the spousal support award entered in the separation proceeding and to declare the $13,500 arrearage satisfied. The court entered an order to that effect.

Wife filed two separate appeals, one from the dissolution judgment and one from the order declaring the spousal

support arrearage satisfied. The appeals were consolidated. Wife asserts a single, identical contention in each case: The trial court lacked authority to award the $13,500 judgment for unpaid spousal support to husband. According to wife, the trial court's action amounted to setting aside, altering, or modifying a spousal support judgment in violation of ORS 107.135(6). Husband counters that the judgment is a vested judgment like any other, which is a form of property that is subject to the dispositional authority of the court.

We need not address the parties' legal contentions. No one suggests that it would be anything but inequitable for husband to be required to pay spousal support for the period of time during which the parties lived together and shared expenses. The purpose of awarding the judgment to husband was to address that potential inequity. That same purpose, however, may be served without implicating the legal issues that the parties now debate. By awarding wife the $13,500 judgment and awarding husband an additional $13,500 from the proceeds of the sale of the parties' residence, no prior judgment has been set aside, altered, or modified in violation of ORS 107.135(6), and husband is not unfairly penalized for failing to pay spousal support when the parties actually were living together and sharing expenses.

In CA A96253, order satisfying judgment of arrearage reversed; otherwise affirmed. In CA A96267, remanded for entry of modified judgment awarding wife $13,500 spousal support and awarding husband an additional $13,500 from proceeds of sale of residence; otherwise affirmed.